Case No. 3:26-cv-00136-CEA-DCP

————————————————————————————————————

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

————————————————————————————————————

NEAREST GREEN DISTILLERY, INC.

*Appellant*,

v.

PHILLIP G. YOUNG, JR.

in his capacity as Receiver, et al.,

*Appellee*.

————————————————————————————————————

On Appeal from the United States Bankruptcy Court

for the Eastern District of Tennessee
Case No. 3:26-bk-30470-SHB

————————————————————————————————————

BRIEF FOR UNCLE NEAREST, INC., APPELLANT

————————————————————————————————————

CURTIS D. JOHNSON, JR.

FLORENCE M. JOHNSON
JOHNSON & JOHNSON, P.C.
1407 UNION AVENUE
SUITE 1002
MEMPHIS, TN 38104
(901) 725-7520 Telephone

Counsel for Nearest Green Distillery,
Inc.,

Appellant

# DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Case Number: 3:26-cv-00135-CEA-DCP    Case Name: Uncle Nearest, Inc. v. Phillip G. Young, Jr.

Name of Counsel: Curtis D. Johnson, Jr.

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Nearest Green Distillery, Inc., makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

    No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such a corporation and the nature of the financial interest:

    No.

3

# CERTIFICATE OF SERVICE

I certify that on May 4, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ Curtis D. Johnson, Jr.

Curtis D. Johnson, Jr.

Counsel for Nearest Green Distillery Inc.,

Appellant

# TABLE OF CONTENTS

DISCLOSURE OF CORPORATE
AFFILIATIONS AND FINANCIAL INTERESTS..................................................

CERTIFICATE OF SERVICE.............................................................................

TABLE OF CONTENTS......................................................................................

TABLE OF AUTHORITIES................................................................................

STATEMENT IN SUPPORT OF ORAL ARGUMENT..........................................

JURISDICTIONAL STATEMENT.....................................................................

STATEMENT OF THE ISSUES.........................................................................

STATEMENT OF THE CASE
   A. Background.................................................................................................10

SUMMARY OF ARGUMENT.........................................................................13

ARGUMENT.................................................................................................17

   I. THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE DEBTOR LACKED AUTHORITY TO FILE  FOR BANKRUPTCY RELIEF...................................................................................17

      A. Standard of Review..............................................................................19

      B. The Bankruptcy Court's Conclusion Conflicts with Controlling Sixth Circuit Authority.........................................................................................19

      C. The Bankruptcy Court Improperly Inferred Exclusive Authority from a Receivership Order That Does Not Grant It.................................................25

   II. DISMISSAL WAS IMPROPER BECAUSE "CAUSE" WAS NOT ESTABLISHED UNDER 11 U.S.C. § 1112(b)......................................................27

   III. THE SUPPLEMENTAL MEMORANDUM OPINION IS VOID AB INITIO OR, AT MINIMUM, CANNOT BE CONSIDERED ON APPEAL.........30

A. Standard of Review.................................................................................31

B. The Bankruptcy Court Lacked Authority to Enter a Substantive Ruling After Jurisdiction Transferred.................................................................31

IV. THIS APPEAL PRESENTS A CONTROLLING QUESTION OF LAW OF PUBLIC IMPORTANCE.................................................................34

CONCLUSION.................................................................37

RELIEF REQUEST.................................................................37

CERTIFICATE OF SERVICE.................................................................41

# TABLE OF AUTHORITIES

**Cases**

*Central Virginia Community College v. Katz*, 546 U.S. 356 (2006)..................13, 17

*Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981)......................................................30

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).........................30

*Harkin v. Brundage*, 276 U.S. 36 (1928)...................................................................18

*In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024)......................22

*In re Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir. 1985).......................22

*In re De Camp Glass Casket Co.*, 272 F. 558 (6th Cir. 1921)................................20

*In re Donaldson Ford, Inc.*, 19 B.R. 425 (Bankr. N.D. Ohio 1982).......................21

*In re Klein's Outlet, Inc.*, 50 F. Supp. 557 (S.D.N.Y. 1942)...................................22

*In re Kreisers, Inc.*, 112 B.R. 996 (Bankr. D.S.D. 1990)........................................22

*In re SGL Carbon Corp., 200 F.3d 154 (3d Cir. 1999) . .27, 28*

*In re S & S Liquor Mart, Inc.*, 52 B.R. 226 (Bankr. D.R.I. 1985).........................22

*In re Walter*, 282 F.3d 434 (6th Cir. 2002)...............................................................31

*In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914)........14, 16, 19, 20, 21, 33

*Keohane v. Swarco*, 320 F.2d 429 (6th Cir. 1963)............................................ 30, 32

*Merritt v. Mt. Forest Fur Farms of America*, 103 F.2d 69 (6th Cir. 1939).15, 20, 21 22, 34

*Michigan v. Michigan Trust Co.*, 286 U.S. 334 (1932)............................................19

*Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479 (6th Cir. 1942)15, 20, 21, 22, 34

*Nicholson v. Isaacman*, 26 F.4th 629 (6th Cir. 2022)..............................................19

*Olle v. Henry & Wright Corp.*, 910 F.2d 357 (6th Cir. 1990).................................32

*Price v. Gurney*, 324 U.S. 100 (1945)....................................................18, 19, 21, 27

*Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929)..........15, 20, 21, 22, 34

*United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365 (1988)........26

**Statutes**

11 U.S.C. § 1112(b)...........................................................................10, 19, 28, 30

28 U.S.C. § 158(a)(1).....................................................................................................9

**Other Authorities**

U.S. Const. art. I, § 8, cl.4......................................................................................14, 18

7

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellant Uncle Nearest, Inc., believes that oral argument will aid the Court in determining the issues on appeal.

This appeal presents a controlling legal question concerning whether a court-appointed receiver may displace a debtor's right to seek bankruptcy relief under governing Sixth Circuit law. Because the issue is purely legal, outcome-determinative, and implicates the interaction between receivership proceedings and federal bankruptcy jurisdiction. Appellant contents that an oral argument would greatly assist the Court.

8

<h1 align="center">JURISDICTIONAL STATEMENT</h1>

The United States Bankruptcy Court for the Eastern District of Tennessee had jurisdiction over the underlying Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334.

On March 19, 2026, the bankruptcy court entered an order dismissing the Debtor's Chapter 11 case (Bankr. Dkt. 48). On March 23, 2026, after the Notice of Appeal had been filed, the bankruptcy court attempted to supplement the record by entering a Supplemental Memorandum Opinion setting forth its findings of fact and conclusions of law and further explaining its ruling. (Bankr. Dkt. 72). Appellant timely filed its Notice of Appeal on March 20, 2026 (Bankr. Dkt. 49).

This appeal is timely under Federal Rule of Bankruptcy Procedure 8002.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1) because the order dismissing the Chapter 11 case is a final, appealable order.

<h1 align="center">STATEMENT OF THE ISSUES</h1>

I. Whether the bankruptcy court erred in concluding that the Debtor lacked authority to file for bankruptcy relief based on a receivership order that did not expressly divest the Debtor's Board of that authority under controlling Sixth Circuit law.

II.    Whether the bankruptcy court erred in dismissing the Debtor's Chapter 11 case under 11 U.S.C. § 1112(b) where no evidentiary record was developed and no findings supporting "cause" were made.

III.    Whether the bankruptcy court's Supplemental Memorandum Opinion, entered after the Notice of Appeal, may be considered on appeal where it materially expanded the basis for dismissal after appellate jurisdiction had attached.

**STATEMENT OF THE CASE**

**A. BACKGROUND**

Uncle Nearest, Inc. (hereinafter the "Debtor") is a Delaware corporation engaged in the production, marketing, and distribution of premium spirits. The Debtor operates a national brand and maintains assets that include inventory, intellectual property, and ongoing business operation( and brand maintenance?).

Prior to the filing of the Chapter 11 petition, a federal district court appointed a receiver over certain assets of the Debtor at the request of a secured creditor. The receivership order did not expressly address whether the Debtor's Board of Directors retained authority to commence a bankruptcy proceeding.

On March 19, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of

Tennessee.  Shortly after the petition was filed, the Receiver moved to dismiss the

case, asserting that the Debtor lacked authority to file due to the existence of the

receivership. No discovery was conducted, no evidentiary record was developed,

and no creditors were heard.  The bankruptcy court concluded that the Debtor

lacked authority to file based solely on its interpretation of the receivership order.

The Court acknowledged that the issue presented was purely legal:

> The parties agreed that there are no facts in dispute affecting the
> question of Ms. Weaver's authority to file the petition and that
> the Court need only interpret the Order Approving Receiver in
> light of applicable law. (Bankr. Dkt. 48 at 2).

The Court further acknowledged:

> That paragraph 10.q does not expressly state that [the Receiver]
> has the exclusive right to file a bankruptcy case is immaterial…
> (Bankr. Dkt. 48 at 4).

Those acknowledgments formed part of the basis for the Court's dismissal of

the case on authority grounds.

On March 19, 2026, the bankruptcy court entered an order dismissing the

Chapter 11 case. (Bankr. Dkt. 48).

The Debtor filed a Notice of Appeal on March 20, 2026. (Bankr. Dkt. 49).

On March 23, 2026, after the Notice of Appeal had been filed, the

bankruptcy court entered a Supplemental Memorandum Opinion setting forth its

findings of fact and conclusions of law and further explaining its ruling. (Bankr. Dkt. 72).

In its ruling, the bankruptcy court concluded that the receivership order determined who could act on behalf of the Debtor, including with respect to filing a bankruptcy petition, while also noting that the order did not expressly grant the receiver the exclusive right to file a bankruptcy case. (Bankr. Dkt. 48 at 2, 4).

## B. PROCEDURAL HISTORY

On March 17, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1]

On March 18, 2026, the Receiver filed a motion to dismiss the case.[2]

On March 19, 2026, the bankruptcy court conducted an expedited hearing on the motion and entered an order granting dismissal of the case within one day of the Receiver's filing, both from the bench and by written order.[3] [4]

On March 20, 2026, the Debtor filed a Notice of Appeal.[5]

---

[1] Voluntary Petition, Bankr. Dkt. No. 1 (Mar. 17, 2026).

[2] Receiver's Motion to Dismiss, Bankr. Dkt. No. 8 (Mar. 18, 2026).

[3] Mar. 19, 2026, Hearing Tr., at ___.

[4] Order Granting Motion to Dismiss, Bankr. Dkt. No. 48 (Mar. 19, 2026).

[5] Notice of Appeal, Bankr. Dkt. No. 49 (Mar. 20, 2026).

12

On March 23, 2026, after the Notice of Appeal had been filed, the bankruptcy court entered a Supplemental Memorandum Opinion setting forth its findings of fact and conclusions of law.[6]

This timely appeal followed.

## SUMMARY OF ARGUMENT

The bankruptcy court dismissed this Chapter 11 case on the ground that the Debtor's filing was unauthorized. That conclusion conflicts with controlling Sixth Circuit law and cannot be sustained as a matter of law. No decision within this Circuit—or any other—permits a receivership order, absent express language, to be construed to deprive duly authorized corporate actors of access to federal bankruptcy relief.

The court acknowledged that the receivership order does not expressly grant the Receiver exclusive authority to file a bankruptcy petition. It nevertheless dismissed the case by inferring exclusivity from silence. That inference conflicts with controlling law. No Sixth Circuit decision permits it. No controlling authority permits it. No decision permits it. ( Suggestion- a cursory review of the controlling law on this issue in this and every other Circuit that has dealt with it, finds no support for ruling, this where I would string cite cases that declined to rule on it).

---

[6] Supplemental Mem. Op., Bankr. Dkt. No. 72 (Mar. 23, 2026).

13

The Constitution assigns bankruptcy authority exclusively to federal law and requires that it operate uniformly across jurisdictions. U.S. Const. art. I, § 8, cl. 4. The Supreme Court has made clear that this grant of power was not merely procedural, but structural. In *Central Virginia Community College v. Katz*, the Court held that the Bankruptcy Clause reflects the States' agreement "in the plan of the Convention" not to assert sovereign immunity in proceedings necessary to effectuate federal bankruptcy jurisdiction. 546 U.S. 356, 377 (2006). This principle traces back to *Sturges v. Crowninshield*, where the Court recognized that Congress is empowered to establish uniform bankruptcy laws that cannot be displaced by inconsistent state action. 17 U.S. (4 Wheat.) 122, 193–94 (1819). Together, these authorities confirm that state-created mechanisms cannot override the exercise of federal bankruptcy power.

For more than a century, the Sixth Circuit has held that the existence of a receivership does not deprive a debtor of the right to seek bankruptcy relief. That rule has been applied repeatedly and without exception. In *Struthers,* in *Merritt,* in *Muffler*, and in *Yaryan,* the court reached the same conclusion: access to bankruptcy cannot be blocked by receivership devices, whether express or implied. Each time, the answer was the same.[7]

---

[7] *Struthers Furnace Co. v. Grant,* 30 F.2d 576 (6th Cir. 1929); *Merritt v. Mt. Forest Fur Farms of Am.,* 103 F.2d 69 (6th Cir. 1939); *Muffler v. Petticrew Real Estate Co*., 132 F.2d 479 (6th Cir. 1942); I*n re Yaryan Naval Stores Co., 214 F. 563 (6th Cir. 1914).*

14

The rule is not limited to express prohibitions. It applies with greater force here. If an express injunction barring a bankruptcy filing is invalid, an implied restriction cannot be enforced. The receivership order at issue contains no language granting exclusive authority to the Receiver and no language barring the Debtor's duly authorized leadership from filing. The dismissal rests on a limitation that appears nowhere in the order and has never been recognized by the Sixth Circuit.

The governing Sixth Circuit principles are settled and dispositive. The bankruptcy court identified no authority supporting its departure from those principles. The rule applied below does not exist under controlling law.

The error is compounded by a separate jurisdictional defect. After the Debtor filed the Notice of Appeal, jurisdiction transferred to the appellate court. The bankruptcy court nevertheless entered a Supplemental Memorandum Opinion that expanded its reasoning and supplied additional support for dismissal. That action exceeded the court's authority. Once jurisdiction transferred, the court could not alter or supplement the ruling under review. The Supplemental Memorandum Opinion is therefore void or, at minimum, cannot be considered on appeal. This Court reviews what was decided—not what might later be supplied.

These errors present a pure question of law: whether a receivership order may be construed to strip otherwise authorized corporate actors of access to federal

bankruptcy relief. The Sixth Circuit has never adopted such a rule. Its precedent rejects it. The ruling below departs from that precedent.

That departure has consequences beyond this case. If permitted to stand, it furnishes a blueprint by which a receiver and a single creditor may attempt to remove an enterprise from the reach of Chapter 11 notwithstanding controlling law.

Reversal is likely. The governing law is settled. The rule applied below is not. The Supplemental Memorandum Opinion cannot cure that defect. The Orders on Appeal cannot be sustained.

## ARGUMENT

### I. THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE DEBTOR LACKED AUTHORITY TO FILE FOR BANKRUPTCY RELIEF

The bankruptcy court dismissed this Chapter 11 case on the ground that the Debtor's filing was unauthorized. That conclusion conflicts with controlling Sixth Circuit law and cannot be sustained.

The court acknowledged that the receivership order "does not expressly state" that the Receiver possesses the exclusive right to file a bankruptcy case. It nevertheless concluded that the filing was unauthorized by inferring exclusivity

16

from provisions that do not say so. That inference is impermissible as a matter of law. Authority is not eliminated by implication. It must be stated. It was not. That requirement reflects the Sixth Circuit's rule that displacement of corporate authority requires a "specific declaration." *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914).

The Constitution assigns bankruptcy authority exclusively to federal law and requires that it operate uniformly across jurisdictions. U.S. Const. art. I, § 8, cl. 4. The Supreme Court has made clear that this grant of power is structural. In *Central Virginia Community College v. Katz*, the Court held that the Bankruptcy Clause reflects the States' agreement "in the plan of the Convention" not to assert sovereign immunity in proceedings necessary to effectuate federal bankruptcy jurisdiction. 546 U.S. 356, 377 (2006). That principle traces back to *Sturges v. Crowninshield*, where the Court recognized that Congress is empowered to establish uniform bankruptcy laws that cannot be displaced by inconsistent state action. 17 U.S. (4 Wheat.) 122, 193–94 (1819). State created mechanisms cannot override the exercise of federal bankruptcy power.

The question presented is whether a receivership order that does not expressly prohibit a bankruptcy filing may nevertheless be construed to deprive otherwise authorized corporate actors of access to federal bankruptcy relief. Corporate authority to file a bankruptcy petition is determined by the law

governing the entity, but that inquiry does not permit the elimination of access to federal bankruptcy relief where authority otherwise exists. *Price v. Gurney*, 324 U.S. 100, 106 (1945).

> "The initiation of bankruptcy proceedings, like the run of corporate activities, is left to the corporation itself, that is, to those who have the power of management."
> *Price v. Gurney*, 324 U.S. 100, 106 (1945).

The action of allowing a receivership does not displace that principle. *Michigan v. Michigan Trust Co.*, 286 U.S. 334, 344–45 (1932); *Harkin v. Brundage*, 276 U.S. 36, 52 (1928). The Sixth Circuit has already answered that question—repeatedly—and each time the answer has been the same. The dismissal below applies a rule that no court has adopted and that controlling precedent rejects. Nor does any alleged defect in authority implicate subject matter jurisdiction. Under *Price v. Gurney*, authority is a threshold legal question. Only if authority were lacking would dismissal be appropriate, independent of any separate analysis under 11 U.S.C. § 1112(b).

**A. Standard of Review**

This Court reviews the bankruptcy court's legal conclusions, including the determinations of corporate authority to file a bankruptcy petition, *de novo.*

18

*Nicholson v. Isaacman*, 26 F.4th 629, 632 (6th Cir. 2022). Where the issue is purely legal, no deference is owed.

**B. The Bankruptcy Court's Conclusion Conflicts with Controlling Sixth Circuit Authority**

For more than a century, the Sixth Circuit has held that the existence of a receivership does not deprive a debtor of the right to seek bankruptcy relief. That rule is settled and admits no exception for the breadth of a receivership order or the presence of a court-appointed receiver.  A brief review of Sixth Circuit precedent yields these cases that support the Appellant's position.

In *Struthers Furnace Co. v. Grant*, the Sixth Circuit held:

> The pendency of a receivership does not ordinarily prevent the filing of a voluntary petition, even though the court appointing the receiver has taken possession of the property and issued the usual injunction against interference.

*Struthers Furnace Co. v. Grant*, 30 F.2d 576, 577 (6th Cir. 1929).

The Sixth Circuit reinforced that rule in *Merritt v. Mt. Forest Fur Farms of America*:

> The order enjoining the officers and directors from preparing or in any way aiding the institution of reorganization proceedings was erroneously entered. It deprived them of their constitutional right to relief under the Bankruptcy Act.

> *Merritt v. Mt. Forest Fur Farms of Am.*, 103 F.2d 69, 71–72
> (6th Cir. 1939).

The Sixth Circuit applied the same principle again in *Muffler v. Petticrew Real Estate Co.*, holding that a corporation is "not deprived of the right to file its petition merely because its property [is] in the custody of the state court receiver." 132 F.2d 479, 481 (6th Cir. 1942). Custody does not eliminate access. Control does not eliminate authority.

The principle predates these decisions and has never been abandoned. The Sixth Circuit has long recognized that a debtor retains an:

> "undeniable right to go into voluntary bankruptcy," and that rights conferred by the Bankruptcy Act "cannot be destroyed, denied, or abridged by any power.
>
> *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914).

That principle establishes a single rule: a receivership does not strip a debtor of the right to seek bankruptcy relief. *Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929); *Merritt v. Mt. Forest Fur Farms of America*, 103 F.2d 69 (6th Cir. 1939); *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479 (6th Cir. 1942); *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914); *In re De Camp Glass Casket Co.*, 272 F. 558 (6th Cir. 1921).

While some courts outside this Circuit have taken a more expansive approach to authority in the receivership context, including relying on broad grants

of control or equitable considerations, the Sixth Circuit *has not* adopted that framework. Instead, controlling authority adheres to the rule set forth in *Price v. Gurney*, requiring a determination that authority has been expressly displaced under applicable law. That standard does not permit courts to infer a lack of authority from general receivership powers or silence in the governing order.

The dismissal below cannot be reconciled with that rule. The bankruptcy court inferred a restriction that does not appear in the receivership order and enforced a limitation that controlling law does not permit. An express prohibition on seeking bankruptcy relief is invalid. *Merritt v. Mt. Forest Fur Farms of America*, 103 F.2d 69, 71–72 (6th Cir. 1939); *Struthers Furnace Co. v. Grant*, 30 F.2d 576, 577 (6th Cir. 1929); *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479, 481 (6th Cir. 1942); *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914). An implied restriction cannot be enforced. It deprives corporate actors of their right to seek relief under the federal bankruptcy laws.

> The order enjoining the officers and directors from preparing or in any way aiding the institution of reorganization proceedings was erroneously entered. It deprived them of their constitutional right to relief under the Bankruptcy Act.
>
> *Merritt v. Mt. Forest Fur Farms of America*, 103 F.2d 69, 71–72 (6th Cir. 1939).

The governing Sixth Circuit principles are settled and dispositive. The bankruptcy court identified no authority supporting its departure from those principles. No Sixth Circuit decision adopts the rule applied below, and no controlling authority supports it. See *In re Donaldson Ford, Inc.*, 19 B.R. 425 (Bankr. N.D. Ohio 1982); *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024). The rule does not exist under controlling law.

Courts applying this principle have consistently held that receivership does not eliminate authority to file. *In re Donaldson Ford, Inc.*, 19 B.R. 425 (Bankr. N.D. Ohio 1982); *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024); *In re Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir. 1985); *In re Klein's Outlet, Inc.*, 50 F. Supp. 557 (S.D.N.Y. 1942); *In re Kreisers, Inc.*, 112 B.R. 996 (Bankr. D.S.D. 1990); *In re S & S Liquor Mart, Inc.*, 52 B.R. 226 (Bankr. D.R.I. 1985). In *In re Donaldson Ford, Inc.*, the court held that nothing in the Bankruptcy Code authorizes a receivership injunction to displace corporate authority to file for bankruptcy. *Id.* at 431.

The bankruptcy court did not apply this rule. It departed from it. That departure is dispositive.

22

The record confirms that no such determination was ever made. When the issue of the Board's authority was presented to the district court in the receivership proceeding, the court expressly declined to decide it:

> For the avoidance of any doubt, the Court is not stating whether the directors of Defendant Uncle Nearest, Inc., either individually or collectively as the board of directors, may participate in this litigation separately from the Defendant Companies. Rather, the Court is stating that to the extent such a right may exist, the directors (or board) would first need to become parties to this litigation before they could respond to motions.
> (Dkt. 89 at n.2).

The court's subsequent clarification reinforces the limited scope of the Receiver's authority:

> "As the Court noted in its Order granting the Receiver's Motion to Strike, the Receiver represents the Defendant Companies in this litigation. [Doc. 89]. For the avoidance of any doubt, whenever the Court refers to the parties generally or to the Defendant Companies, it is with the understanding that the Receiver represents the interests of the Defendant Companies in this litigation."
> (Dkt. 90 at 2 n.2).

These rulings are dispositive. The court did not eliminate the Board's authority. It did not determine that the Board lacked authority. It confined the Receiver's role to representation in that litigation and expressly declined to decide whether the Board retained independent authority.

23

That ruling is dispositive. The court did not eliminate the Board's authority regarding the filing of a petition in bankruptcy. It did not determine that the Board lacked authority. Not only did the Court expressly decline to decide the issue, but the Court made it crystal clear that the Receiver's powers were limited to that civil, non-bankruptcy, district court case initiated by Farm Credit that was before the Court at that time.

The contemporaneous record further confirms that the Debtor's ability to seek Chapter 11 relief was not understood to have been eliminated. During the hearing, counsel for the bank directly questioned whether a bankruptcy filing had been considered prior to the receivership:

> "Have you considered, did you consider filing Chapter 11 before the receivership was in place?" (Hr'g Tr. 257:24–258:4).

No party suggested that the Debtor lacked legal authority to file. The question was posed as a matter of business judgment, not legal impossibility. That context is consistent with the absence of any ruling eliminating the Board's authority and underscores that the issue was never resolved by the Receivership Order.

**C. The Bankruptcy Court Improperly Inferred Exclusive Authority from a Receivership Order That Does Not Grant It**

24

The receivership order does not grant the Receiver exclusive authority to file a bankruptcy petition. It does not prohibit the Debtor's directors from doing so. It does not address the issue. The dismissal therefore rests on an inference that finds no support in the text of the order.

That inference is legally impermissible. Authority to act on behalf of a corporation is not displaced by silence. It is not displaced by implication. It is displaced, if at all, by clear and express language grounded in law. The Sixth Circuit's decisions require no less.

The bankruptcy court's reasoning reverses that rule. It treats silence as sufficient. It treats implication as sufficient. It treats a receivership order as capable of accomplishing indirectly what controlling law does not permit directly.

That reasoning cannot be sustained. A receivership order that does not expressly eliminate authority cannot be construed to do so. A receivership order that does not prohibit a bankruptcy filing cannot be enforced as though it did.

The conclusion follows directly. The Debtor's filing was authorized. The bankruptcy court's contrary conclusion conflicts with controlling law. The dismissal must be reversed.

The Bankruptcy Code provides a structured mechanism for reorganization that necessarily limits creditor control during the pendency of a case. *United Sav.*

*Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370–71 (1988). Filing for bankruptcy to obtain a breathing spell from creditor collection efforts is not bad faith and serves core purposes of the Bankruptcy Code, including leveling the playing field among creditors. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614–16 (B.A.P. 9th Cir. 2014).

## II. DISMISSAL WAS IMPROPER BECAUSE "CAUSE" WAS NOT ESTABLISHED UNDER 11 U.S.C. § 1112(b)

As shown above, the dismissal order cannot be sustained on any supposed "lack of authority" theory because the receivership order did not strip the Debtor of the power to commence this Chapter 11 case. But there is a further and independent defect. To the extent the bankruptcy court's ruling can be understood as resting, alternatively, on a conclusion that the filing itself constituted "cause" for dismissal under 11 U.S.C. § 1112(b)—or that any purported defect in authority somehow amounted to "cause"—the order still cannot stand.

*Price v. Gurney* treats lack of authority as a distinct gateway issue, not as a substitute for the separate, statutory showing required under § 1112(b). Thus, even if the bankruptcy court was blending those concepts, it did not conduct the analysis § 1112(b) requires.

Section 1112(b) permits dismissal only upon a showing of "cause," and only where dismissal or conversion is in "the best interests of creditors and the estate." That standard requires a fact-intensive inquiry into the debtor's financial condition, the purpose of the filing, and the effect of dismissal on the creditor body as a whole. *In re SGL Carbon Corp.*, 200 F.3d 154, 160–62 (3d Cir. 1999).

No such inquiry occurred here.

The bankruptcy court dismissed the case within hours of the motion being filed. No evidentiary record was developed. No testimony was taken. No creditor body was heard. No findings were made as to the Debtor's financial condition, its ability to reorganize, or whether the filing served a valid reorganizational purpose. The court did not determine whether dismissal would maximize or diminish value for creditors as a whole. It terminated the case at inception.

That is not the process § 1112(b) requires.

Courts recognize that lack of good faith may constitute "cause," but only where the petition fails to serve a legitimate reorganizational purpose or reflects an abuse of the bankruptcy process. *In re SGL Carbon Corp.*, 200 F.3d at 161–62. That determination is inherently fact-driven. It cannot be made on an undeveloped record. Nor may a court collapse the distinct question of corporate authority into a finding of "cause" without undertaking the statutory inquiry Congress prescribed.

27

The contrast with *In re SGL Carbon Corp.* is dispositive. There, dismissal was affirmed only after a developed evidentiary record demonstrated that the debtor was financially healthy and had filed solely as a litigation tactic, not to reorganize. Id. at 166–67. Here, no such findings were made. There is no record support for a conclusion that the Debtor lacked a valid reorganizational purpose. There is no finding that the filing was abusive. There is no evidence that the Debtor falls outside the protections of Chapter 11.

The separate statutory requirement that dismissal be in the best interests of creditors and the estate was likewise not satisfied. The record reflects that the Debtor has hundreds of unsecured creditors whose interests were not considered. The bankruptcy court did not compare the recoveries available in Chapter 11 with those available under the receivership. It did not evaluate creditor participation, transparency, or value maximization. It did not determine whether dismissal would benefit the creditor body as a whole.

Instead, dismissal placed control of the Debtor's enterprise in the hands of a receiver whose position was aligned with, and advanced in coordination with, a single creditor during the proceedings below, to the exclusion of the broader creditor body. That result is inconsistent with the core purpose of Chapter 11, which is to preserve going-concern value and ensure equitable treatment of creditors.

28

The absence of a developed record, the lack of findings as to good faith, and the failure to evaluate the best interests of creditors and the estate are independently dispositive. Section 1112(b) does not permit dismissal on this record. To the extent the order rested, even in part, on a "cause" rationale, it must be reversed on that ground as well.

### III. THE SUPPLEMENTAL MEMORANDUM OPINION IS VOID AB INITIO OR, AT MINIMUM, CANNOT BE CONSIDERED ON APPEAL

The Supplemental Memorandum Opinion was entered after the Debtor filed its Notice of Appeal. At that moment, jurisdiction transferred to the appellate court. The bankruptcy court could not expand the ruling.

It did.

The Supplemental Memorandum Opinion introduces additional authorities, expands the legal analysis, and supplies reasoning not contained in the Dismissal Order. It is not a clerical correction. It is a substantive revision. The law does not permit it.

The issue is straightforward: whether a trial court may materially supplement its reasoning after appellate jurisdiction has attached. It may not.

#### A. Standard of Review

This Court reviews jurisdictional questions and the scope of a lower court's authority after the filing of a notice of appeal **de novo**. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).

**B. The Bankruptcy Court Lacked Authority to Enter a Substantive Ruling After Jurisdiction Transferred**

It is well settled that the filing of a notice of appeal divests the lower court of jurisdiction over the aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981); *Keohane v. Swarco*, 320 F.2d 429 (6th Cir. 1963).

> "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."
>
> *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

That rule is structural. It preserves the division of authority between trial and appellate courts and prevents post-appeal modification of the decision under review. Once jurisdiction transfers, the lower court may not alter, expand, or substantively supplement the ruling on appeal. That prohibition applies not only to changes in outcome, but to changes in reasoning.

The bankruptcy court nevertheless entered a Supplemental Memorandum Opinion that does exactly that. It introduces new authorities, expands the court's reasoning, and attempts to supply justification not contained in the original ruling. That action exceeds the narrow scope of authority retained after an appeal is filed.

A court may correct clerical errors. It may not revise the substance of its decision. *In re Walter*, 282 F.3d 434 (6th Cir. 2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357 (6th Cir. 1990). That distinction is dispositive. Clerical corrections preserve the judgment. Substantive additions alter it.

The Supplemental Memorandum Opinion does not preserve the judgment. It alters it.

Nor can it be justified as action "in aid of the appeal." That exception permits only actions that preserve the status quo or facilitate appellate review. It does not permit a court to supply new reasoning for a decision already under review. *Cochran*, 651 F.2d at 1221.

The Supplemental Memorandum Opinion is not a clarification. It is a post hoc expansion of the ruling. The law does not permit it.

The consequence is clear. Orders entered outside the scope of retained jurisdiction are void or of no legal effect. *Keohane v. Swarco*, 320 F.2d 429, 432 (6th Cir. 1963).

The Supplemental Memorandum Opinion cannot be considered on appeal.

The appellate court reviews what was decided—not what might later be supplied. The Dismissal Order must stand or fall on the reasoning articulated at the time jurisdiction transferred. The Supplemental Memorandum Opinion cannot cure the absence of supporting authority in the original ruling.

This defect is independent and dispositive. Even if the original reasoning were sufficient, it cannot be supplemented after the fact. The Supplemental Memorandum Opinion must be disregarded.

## IV. THIS APPEAL PRESENTS A CONTROLLING QUESTION OF LAW OF PUBLIC IMPORTANCE

This appeal presents a pure question of law: whether a receivership order may be construed to deprive otherwise authorized corporate actors of access to federal bankruptcy relief. The bankruptcy court answered that question in the affirmative. No controlling authority supports that conclusion. The Sixth Circuit's precedent rejects it.

The issue is not fact-bound. It does not turn on the particular language of this receivership order. It turns on whether such orders may be used, as a matter of law, to block access to Chapter 11. That question is purely legal and dispositive. That question goes to the structure of federal bankruptcy law and the limits of non-bankruptcy control over a debtor's ability to invoke it.

The Sixth Circuit's governing principles are settled and do not permit the rule applied below. Its decisions run in the opposite direction. *Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929); *Merritt v. Mt. Forest Fur Farms of America*, 103 F.2d 69 (6th Cir. 1939); *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479 (6th Cir. 1942); *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914). Those decisions establish a uniform rule: a receivership does not prevent a debtor from seeking bankruptcy relief. The ruling below departs from that rule and applies one that has never been recognized.

No Sixth Circuit decision adopts the rule applied below, and no controlling authority adopts it. The issue is therefore presented in a posture that squarely requires resolution by this Court.

The consequences extend beyond this case. If permitted to stand, the ruling furnishes a mechanism by which a receiver and a single creditor may attempt to remove an enterprise from the reach of Chapter 11 notwithstanding controlling

33

law. That result alters the balance between receivership proceedings and federal bankruptcy jurisdiction. It permits the indirect elimination of rights that cannot be eliminated directly.

The issue is one of public importance. It implicates the uniformity of bankruptcy law, the scope of federal jurisdiction under the Bankruptcy Clause, and the ability of corporate actors to access a statutory framework designed for collective reorganization. It affects not only this Debtor, but any entity subject to a receivership within this Circuit.

Prompt resolution of this issue will materially advance the progress of this case. If the ruling below is incorrect, delay prolongs the continued operation of a regime that the law does not permit. If the ruling is correct, prompt affirmance provides finality. In either event, resolution of this issue will eliminate uncertainty and prevent further erosion of value during intermediate review.

The entry of the Supplemental Memorandum Opinion after the Notice of Appeal presents a separate jurisdictional question concerning the scope of a trial court's authority once appellate jurisdiction has attached. That issue is independent of the merits and may warrant appellate clarification.

At the same time, this appeal presents controlling questions of law warranting immediate appellate review because longstanding Sixth Circuit

34

authority makes clear that a receivership does not strip owners of the ability to seek federal bankruptcy relief, and the receivership order here was narrower still, authorizing the receiver to act only within the receivership case. Nonetheless, the bankruptcy court treated that order as silently divesting the owners of authority to file this Chapter 11 case. The governing Sixth Circuit principles are settled; what is unprecedented is the ruling below. This case therefore presents important questions of first impression concerning how a receivership order limited to the receivership proceeding could be construed to foreclose a bankruptcy filing that it nowhere expressly prohibited and that controlling authority does not permit it to prohibit.

## CONCLUSION

The Orders on Appeal cannot be sustained. The bankruptcy court applied a rule that conflicts with controlling Sixth Circuit authority and is unsupported by any precedent. It further attempted to supplement its ruling after jurisdiction had transferred, which the law does not permit. These errors present a pure question of law and a separate jurisdictional defect, each independently requiring reversal.

For these reasons, the Orders on Appeal should be reversed and the Supplemental Memorandum Opinion disregarded. To the extent this Court determines that appellate guidance would assist in resolving these controlling legal

35

questions, certification to the United States Court of Appeals for the Sixth Circuit would be appropriate.

## **RELIEF REQUEST**

Appellant respectfully requests that this Court:

1.  Reverse the bankruptcy court's Dismissal Order;

2.  Hold that the Debtor's Chapter 11 filing was authorized as a matter of law;

3.  Disregard the Supplemental Memorandum Opinion as void ab initio or otherwise not properly before the Court; and

4.  In the alternative, if the Court declines immediately to reverse and reinstate this Chapter 11 case for the equal bankruptcy protection of all Uncle Nearest creditors under the Bankruptcy Code, Appellant respectfully requests that the Court immediately consider Appellant's concurrently filed motion for certification for direct review by the United States Court of Appeals for the Sixth Circuit.

For all of the foregoing reasons, this Court should reverse the Bankruptcy Court's Dismissal Order, disregard the Supplemental Memorandum Opinion, and

grant such further relief as is necessary to permit the Debtor's Chapter 11 case to

proceed.

37

Dated: June 1, 2026

Memphis, Tennessee

Respectfully submitted,

/s/ Curtis D. Johnson

Curtis D. Johnson

Florence M. Johnson

JOHNSON & JOHNSON, P.C.

1407 Union Avenue, Suite 1002

Memphis, Tennessee 38104

(901) 725-7520

cjohnson@johnsonandjohnsonattys.com

Counsel for Appellant
Uncle Nearest, Inc.

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains **6,648** words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Sixth Circuit Rule 32(b)(1).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using **Microsoft Word** in **14-point Times New Roman** font.

.

Dated: June 1, 2026

Memphis, TN

/s/ Curtis D. Johnson

Curtis D. Johnson

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Tennessee by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 1, 2026
Memphis, TN

/s/ Curtis D. Johnson

Curtis D. Johnson

*Counsel for Appellant*

40